## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**GRANT RUSH MARKSBERRY**                                                            **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 1:10CV-106-M**

**JACKIE T. STRODE** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, a convicted inmate currently incarcerated at the Warren County Regional Jail, filed this 42 U.S.C. § 1983 action against Jailer Jackie T. Strode and Class D Coordinator Jeffery T. Robbins in their official and individual capacities. Plaintiff is seeking compensatory and punitive damages.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint. After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### II. FACTS

In the statement of claim section of the form complaint filled out by Plaintiff, he describes his claim as follows:

> On August 27, 2008, I was transferred to the Warren County Regional Jail. I informed Jeffery T. Robbins upon my arrival I was a Rastafarian and required a vegetarian diet. He responded, "I have never heard of that Religion, I will have to

call the Chaplain at the prison you came from before I tell the kitchen to fix you a special tray." It was five days before I was given a vegetarian tray. Mr. Strobe violated my First Amendment right to freely practice my religion by not properly training Mr. Robbins and informing him of the different religions he may or may not encounter as position of Class-D-Coordinator. Also I was not permitted to wear my crown, which is a religious head covering, during this time period.

## II. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Even if the Court assumes the truth of Plaintiff's allegations, he still cannot prevail. Defendants did not actually prevent Plaintiff from exercising his religion. Rather, it took a few days after Plaintiff reported his religious beliefs for officials to investigate their validity and act accordingly. *See, e.g.*, *Stewart v. Wright*, No. 96-1486, 1996 U.S. App. LEXIS 30013 (7th Cir. Nov. 14, 1996) ("Stewart fails to allege any facts which suggest that the two week delay in arranging for his meals to be pork-free constitutes anything but typical and

acceptable institutional delay."). In this Court's view, the five-day period before Plaintiff received a vegetarian tray and the right to wear his "crown" is merely "a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

Furthermore, even if Plaintiff had alleged a cognizable claim, it would nonetheless fail because it is clear from the face of the complaint that this action is time-barred. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (U.S. 2007). Here, at the latest, Plaintiff's action accrued in September 2008, and it expired one year later in September 2009. Plaintiff did not file this action until June 2010. As such, it is clear the claim about which Plaintiff complains is time-barred.

For the reasons set forth above, this action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Warren County Attorney

4414.008